IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACK K. HENSLEY                                                                          PLAINTIFF

vs.                                    Civil No. 4:10-cv-04099

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jack K. Hensley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed an application for SSI on March 26, 2008.  (Tr. 10, 88-94).  Plaintiff alleged he was disabled due to rheumatoid arthritis and depression.  (Tr. 117).  Plaintiff alleged an onset date of March 17, 2008.  (Tr. 117).  This application was denied initially and again upon reconsideration.  (Tr. 50, 56).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

application, and this hearing request was granted.  (Tr. 58).

Plaintiff's administrative hearing was held on July 14, 2009, via video conference in Texarkana, Arkansas and San Antonio, Texas.  (Tr. 17-47).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.*  Plaintiff, and Vocational Expert ("VE") Charles Turner testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a GED.  (Tr. 20-21).

On September 1, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 10-16).  In this decision, The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 26, 2008, his alleged onset date.  (Tr. 11, Finding 1).

The ALJ determined Plaintiff had the severe impairments of rheumatoid arthritis, depressive disorder, and polysubstance abuse in remission.  (Tr. 11, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 13-15, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to occasionally lift and carry fifteen pounds, and frequently lift and carry ten pounds; stand and walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday, with the opportunity to sit or stand at will.  (Tr. 13, Finding 4).  Furthermore, Plaintiff was limited to work involving simple tasks and instruction, and had to avoid exposure to concentrated fumes and

odors. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.15, Finding 5). The ALJ determined Plaintiff's PRW included work as a set man, tire salesman, and tire changer. (Tr. 15). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 15-16, Finding 9). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as an assembler/inspector with approximately 55,000 such jobs in the regional economy and 440,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from March 26, 2008 through the date of his decision. (Tr. 16, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 14, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 20, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8,9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 6-18. Specifically, Plaintiff claims the ALJ erred (1) in evaluating his RFC, (2) by failing to find Plaintiff's impairments met or equaled a Listing, and (3) in evaluating his subjective complaints. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ improperly evaluated Plaintiff's RFC, this Court will only address this issue Plaintiff raised.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a

whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having a GAF score of 50 on September 8, 2006 from Southwest Arkansas Counseling and Mental Health Center ("SACMHC") (Tr. 221). Throughout 2007 and 2008 records from SACMHC showed Plaintiff's GAF score to be between 33 and 40. (Tr. 213-216, 342, 344, 346, 348-350, 352, 354, 356, 358, 359, 362, 372). Furthermore, on May 20, 2008, Dr. Betty Feir, prepared a Mental Diagnostic Evaluation. (Tr. 181-186). Dr. Feir found Plaintiff's score to be 50. (Tr. 185). The ALJ only discussion of these GAF scores stated these scores were not supported by the record because: (1) Plaintiff's memory and concentration were intact, (2) he is able to perform many daily activities with little or no assistance, and (3) non-compliance with depression medication. (Tr. 14).

It was the ALJ's responsibility to evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Plaitiff's noncompliance with treatment can be, and ordinarily is, the result of a mental impairment, and thus is not willful or without a justifiable excuse. *Id.* At 706. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with major depressive disorder. (Tr. 211-212). Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled,

6

however a proper and complete analysis of Plaintiff's GAF scores should be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of August, 2011.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.